**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000112
29-JUL-2011
08:13 AM**

NO. CAAP-10-0000112

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WALTER V. RODENHURST, III, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NOS. 09-1-0097, 09-1-0098, 09-1-0099)
(CR. NOS. 03-1-0343, 00-1-0457, 01-1-0943)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)


Petitioner-Appellant Walter V. Rodenhurst, III, (Rodenhurst) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition Without a Hearing" (Order Denying Petition), which was filed on September 29, 2010, in Special Prisoner Proceedings (SPP) Nos. 09-1-0097, 09-1-0098, and 09-1-0099, in the Circuit Court of the First Circuit (Circuit Court).[1/] We affirm.

I.

On August 26, 2003, Rodenhurst was sentenced in four separate criminal cases as follows: (1) in Criminal No. 99-0229, ten years of incarceration on Count III for first degree theft, with a mandatory minimum term of ten years as a repeat offender, and one year of incarceration on Counts I and II for negotiating

---

[1/] The Honorable Virginia Lea Crandall presided.

a worthless negotiable instrument; (2) in Criminal No. 00-1-0457, an extended ten-year term of incarceration for second degree theft, with a mandatory minimum term of five years as a repeat offender; (3) in Criminal No. 01-1-0943, an extended ten-year term of incarceration on Counts I and II for second degree theft, with a mandatory minimum term of five years as a repeat offender; and (4) in Criminal No. 03-1-0343, an extended ten-year term of incarceration on Counts I though V for second degree forgery (Counts I, III, and IV) and second degree theft (Counts II and V), with a mandatory minimum term of three years and four months as a repeat offender on Counts I and II. The Circuit Court[2/] imposed the sentences in all cases and on all counts to run concurrently. The Judgments in Criminal Nos. 99-0229, 00-1-0457, 01-1-0943, and 03-1-0343 were filed on August 26, 2003. Rodenhurst did not file a direct appeal of his convictions or sentences in any of these cases. Accordingly his convictions and sentences became final on September 25, 2003. See Loher v. State, 118 Hawai'i 522, 535 n.13, 193 P.3d 438, 451 n.13 (App. 2008).

On December 31, 2009, Rodenhurst filed essentially the same "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for [sic] Custody" (Petition) in SPP No. 09-1-0097 regarding Criminal No. 03-1-0343, in SPP No. 09-1-0098 regarding Criminal No. 00-100457, and in SPP No. 09-1-0099 regarding Criminal No. 01-1-0943. In each Petition, Rodenhurst alleged two grounds for relief:

1.    Ground one: "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature and the consequences of the plea."

2.    Ground two: "The imposition of a sentence which is constitutionally unsound or under a statute of the State which

_____

[2/] The Honorable Karl K. Sakamoto presided over Rodenhurst's sentencing.

has been found to have constitutional defects necessitating a correction of sentence."

On September 29, 2010, the Circuit Court issued its Order Denying Petition, which denied the separate Petitions filed in SPP Nos. 09-1-0097, 09-1-0098, 09-1-0099 without a hearing, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40(f) (2006).

II.

On appeal, Rodenhurst argues: (1) that his extended term sentences are invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000) and State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (hereinafter, "Maugaotega II"); and (2) the Circuit Court erred in failing to make specific findings in support of its decision to impose extended terms of imprisonment.

Upon review of the record and the briefs submitted by the parties, we hold as follows:

1. Rodenhurst cannot challenge his extended term sentences based on Apprendi or Maugaotega II. Prior to its decision in Maugaotega II, the Hawai'i Supreme Court had repeatedly held that Hawai'i's extended term sentencing scheme complied with Apprendi. See Maugaotega II, 115 Hawai'i at 437-42, 168 P.3d at 567-72; Loher, 118 Hawai'i at 536, 193 P.3d at 452. Thus, based on controlling precedent of the Hawai'i Supreme Court, Rodenhurst's extended term sentences were not invalid under Apprendi at the time they were imposed.

In Maugaotega II, the Hawai'i Supreme Court held that the intrinsic/extrinsic distinction and its analysis regarding the necessity finding, which it had consistently followed in concluding that Hawai'i's extended term sentencing scheme was constitutional under Apprendi, could no longer be applied in light of the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270 (2007). See Maugaotega II, 115 Hawai'i at 442-47, 168 P.3d at 572-77. Based on Cunningham, the Hawai'i Supreme Court in Maugaotega II overruled its prior precedents and concluded that the extended term sentencing scheme

3

was unconstitutional. Maugaotega II, 115 Hawai'i at 445-47, 168 P.3d at 575-77. However, Maugaotega II does not apply retroactively to Rodenhurst's collateral attack of his extended term sentences. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54; United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005). Thus, Rodenhurst cannot challenge his extended term sentences based on Maugaotega II.

The statutes under which Rodenhurst's extended term sentences were imposed were not void *ab initio*. See State v. Jess, 117 Hawai'i 381, 386-89, 406-15, 184 P.3d 133, 138-41, 158-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54. In Jess, the Hawai'i Supreme Court held that the trial court had the authority to resentence Jess to extended terms of imprisonment pursuant to the former version of the extended term sentencing statute, HRS § 706-662 (Supp. 1996), which was in effect in 2000 when Jess committed the charged offenses, by the trial court's invoking its inherent judicial power to empanel a jury to make the "necessity" finding. Jess, 117 Hawai'i at 386-89, 410-13, 184 P.3d at 138-41, 162-65; see also State v. Mark, 123 Hawai'i 205, 249-50, 231 P.3d 478, 522-23 (2010). The supreme court could not have reached this conclusion in Jess if the former versions of HRS § 706-662 applicable to the sentencings of Jess and Rodenhurst were void *ab initio*.

2. We do not address Rodenhurst's argument that the Circuit Court erred in failing to make specific findings in support of its decision to impose extended terms of imprisonment. Rodenhurst waived this argument by failing to raise it in a direct appeal from the Judgments in the underlying criminal cases or in the Petitions he filed. See Hawai'i Rules of Penal Procedure Rule 40(a)(3) (2003); State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) (stating that as a general rule, an

argument not raised at trial will be deemed to have been waived on appeal).

III.

We affirm the Order Denying Petition that was filed on September 29, 2010, by the Circuit Court in SPP Nos. 09-1-0097, 09-1-0098, and 09-1-0099.

DATED: Honolulu, Hawaiʻi, on July 29, 2011.

On the briefs:

Walter V. Rodenhurst, III
Petitioner-Appellant Pro Se

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge